J-S29012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAID SALAM | : | |
| | : | |
| Appellant | : | No. 501 EDA 2021 |

Appeal from the PCRA Order Entered January 5, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006494-2015

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 21, 2022**

Zaid Salam appeals *pro se* from the dismissal of his "Motion for Writ of *Habeas Corpus*." We affirm.

In May 2016, a jury convicted Salam of two counts of simple assault, and one count each of kidnapping and involuntary deviate sexual intercourse. The trial court sentenced Salam to an aggregate term of 9½ to 19 years' imprisonment, followed by five years of probation. The trial court also found Salam to be a sexually violent predator ("SVP"), and informed Salam that he was required to register under Megan's Law. Thereafter, this Court affirmed Salam's convictions, vacated his SVP designation, remanded for the trial court to issue a revised notice to Salam regarding his registration requirements, and

---

[*] Former Justice specially assigned to the Superior Court.

affirmed Salam's sentence in all other regards. **See Commonwealth v. Salam**, 2512 EDA 2017 (Pa. Super. filed Oct. 26, 2018). On May 30, 2019, the trial court reimposed the above sentence, but without the SVP designation.

On July 13, 2020,[1] Salam filed *pro se* the instant motion for writ of *habeas corpus*. In his motion, Salam argued that his due process rights were violated because he was never given **Miranda** warnings; his arrest was illegal; and he was improperly sentenced over 90 days following his convictions. The trial court construed this filing as a petition filed under the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546, and appointed Salam counsel. However, despite counsel's appointment, Salam filed an amended motion for writ of *habeas corpus*, reasserting his above claims. Subsequently, Salam informed the PCRA court that he wanted to represent himself. As a result, the court held a **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) hearing, after which it granted Salam's request to proceed *pro se*. Thereafter, following an evidentiary hearing, the PCRA court dismissed Salam's PCRA petition. This appeal followed.[2]

_____

[1] Salam dated the motion July 5, 2020. However, the record is unclear when Salam delivered the motion to the prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (noting that the "prisoner mailbox rule" provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

[2] Just prior to filing his notice of appeal, Salam filed a *pro se* "Amended State *Habeas Petition*." The PCRA court did not address this petition due to Salam's appeal.

On appeal, Salam raises the aforementioned claims, and ineffectiveness claims regarding his trial, appellate, and PCRA counsel's representation.

Preliminarily, we note that the PCRA court construed Salam's motion for writ of *habeas corpus* as a request for relief under the PCRA. Upon our review, the claims raised in Salam's motion fall squarely within the scope of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i) (noting that to be eligible for relief under the PCRA, the conviction or sentence resulted from a violation of the Pennsylvania Constitution or the Constitution or laws of the United States which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."); *see also Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007) (stating that all claims of ineffective assistance of counsel are cognizable under the PCRA). Therefore, just as the PCRA court did, we must address Salam's motion under the PCRA's framework.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in … the Supreme Court of Pennsylvania, or at

the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Salam's judgment of sentence became final on July 1, 2019,[3] after the time to file a notice of appeal to this Court following resentencing expired. *See* Pa.R.A.P. 903(a) (stating that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, Salam had until July 1, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, Salam's petition, which was dated July 5, 2020, and filed on July 13, 2020, was untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[3] As the thirtieth day of the appeal period, June 29, 2019, fell on a Saturday, Salam's judgment of sentence became final on Monday, July 1, 2019. *See* 1 Pa.C.S.A. § 1908 (stating that if the last day of an appeal period falls on a Saturday or Sunday, such day(s) shall be omitted from the computation).

> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Here, Salam did not plead or prove any of the above timeliness exceptions in his petition.[4] As we are without jurisdiction to address the merits of Salam's PCRA petition, the PCRA court properly dismissed the petition as untimely.

Order affirmed.

_____

[4] We further note that Salam raised his ineffectiveness claims regarding trial and appellate counsel for the first time on appeal; thus, they are waived. **See** Pa.R.A.P. 302(a). Regarding Salam's claim that PCRA counsel was ineffective, our Supreme Court recently held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new counsel or acting *pro se*)], even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021). Here, although Salam properly raises his PCRA counsel's ineffectiveness in his brief for the first time, he does so only in the summary of the argument.  Thus, because Salam fails to raise such a claim in the argument section of his brief, it is waived on appeal. **See Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) (concluding that appellant's claim was waived for a lack of any discussion on the claim in the argument section of his brief); **see also Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (stating that while this Court may construe liberally materials filed by a *pro se* litigant, a *pro se* litigant must comply the Pennsylvania Rules of the Court). In any event, Salam is not entitled to relief on this claim or further remand to develop the record, as he merely raises bald allegations of ineffectiveness, without addressing the three-pronged ineffectiveness test. **See Bradley**, 261 A.3d at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief or further remand).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022